IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGELA LYNN GILES,

    Plaintiff,

    v.

NCO FINANCIAL, INC. and NCC FINANCIAL SYSTEMS,

    Defendants.

CIVIL ACTION NO. 3:05-CV-866

(JUDGE CAPUTO)

## MEMORANDUM

Before the Court is Defendant NCO Financial Systems, Inc.'s Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the Alternative, for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 7.) Although Plaintiff did not file a brief in opposition to the motion, the Court will undertake a merits analysis of the motion to dismiss because Plaintiff is a *pro se* litigant. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (prohibiting dismissal for failure to file opposing brief).

In deciding a motion to dismiss, the Court should consider the allegations in the Complaint, exhibits attached to the Complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether Plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether Plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, Plaintiff must set forth information from which each element of a claim may be inferred. *See Kost*

*v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Defendant bears the burden of establishing that the Complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000). The Court of Appeals for the Third Circuit has emphasized a policy of liberally interpreting *pro se* complaints, so Plaintiff's Complaint will be held to a less stringent standard than formal pleadings drafted by lawyers. *See Weaver v. Wilcox*, 650 F.2d 22, 26 (3d Cir. 1981); *Henderson v. Fisher*, 631 F.2d 1115, 1117 (3d Cir. 1980).

Defendant argues that Plaintiff has failed to allege any facts which support a claim of any kind. Instead of setting forth her claims in the Complaint, Plaintiff stated: "Please see typed - complaint." (Doc. 1 at 2.) No such typed complaint was included in any of Plaintiff's submissions to the Court. In light of Plaintiff's *pro se* status, the Court finds that the interests of justice require that Plaintiff be afforded the opportunity to clarify the facts upon which her claims are premised. Accordingly, Defendant's motion will be granted insofar as it seeks a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

An appropriate Order follows.

July 27, 2005　　　　　　　　　　　　　／s／ A. Richard Caputo　　　　　　　
Date　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　United States District Judge

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA LYNN GILES, | |
| Plaintiff | NO. 3:05-CV-866 |
| v. | (JUDGE CAPUTO) |
| NCO FINANCIAL, INC. and NCC FINANCIAL SYSTEMS, | |
| Defendants. | |

## ORDER

**NOW**, this  27th  day of July, 2005, **IT IS HEREBY ORDERED** that Defendant NCO Financial Systems, Inc.'s Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the Alternative, for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (Doc. 7) is **GRANTED in part** and **DENIED in part:**

(1) Defendant's motion is **GRANTED** insofar as it seeks relief pursuant to Rule 12(e).

    (a) Plaintiff shall file an amended complaint within twenty (20) days of the date of this Order clarifying the claims, facts supporting the claims, and the relief requested.

    (b) If Plaintiff does not file an amended complaint within the allowed time, the Clerk of the Court shall close this case.

(2) Defendant's motion is otherwise **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge